### TORRENCE v. COMMONWEALTH.

Judgment of restitution cannot be awarded on an indictment for forcible entry and detainer, unless the estate of the ejected party be laid in the indictment.

Certainty requisite in the description of the premises.

IN error from the Quarter Sessions of Allegheny.

Indictment for a forcible entry and detainer of "a certain tavern-stand, with the appurtenance, including about five acres of land adjacent thereto, situate at the Mount Pleasant and Union cross-roads, in E. township, A. county, then and there being in the peaceable possession of one Hannah McCoy, since intermarried with William Kimberly."

Judgment of restitution and for payment of costs was awarded.

*McClure*, for plaintiff in error.—The description implies five

acres on each side of the roads.   As much certainty is required as in ejectment, and even more—or how is the sentence of restitution to be enforced ?  6 S. & R. 252 ; 5 Binn. 279 ; 2 Hawk. B. 2, ch. 25, § 6.

*T. Hamilton,* contrà.—Rob. Dig. 80 ; Sid. 156 ; 1 Dall. 68 ; 11 Johns. Rep. 544 ; 3 Burr, 1751 ; 1 S. & R. 124 ; 3 Yeat. 49 ; 4 Dall. 312.

*Oct.* 2.   BURNSIDE, J.—The act of 1700, 1 Sm. L. 1, against forcible entry, prescribes no judgment or penalty of restitution, and is analogous to the British statute the 5th of Rich. 2, ch. 8, which has not been considered as extending to Pennsylvania, being supplied by the act first cited.   But the remedy for forcible entry and detainer is ample by the 5 Rich. 2, ch. 8 ; the 8 Henry 6, ch. 9 ; the 31 Eliz. ch. 11 ; and the 21 Jac. 1, ch. 15.   All these statutes are reported by the judges to be in force in this state, and at all times have been used and adopted in practice : 1 Sm. L. 2 ; Rob. Dig. 283.   Restitution is given to tenants of the freehold as well as tenants for years by one or other of these statutes.   It is settled that it is necessary to set out in the indictment the nature of the estate to warrant the court to award restitution.   This is ruled in Burd *v.* The Commonwealth, 6 S. & R. 252, where it was held to be error to award restitution where the indictment laid the forcible entry and detainer upon a naked possession, without stating what interest the defendant had in the premises.   There is no estate or interest in the premises laid or averred in this indictment to be in Hannah Kimberly ; nothing but a naked possession.   A conviction on this indictment gave no warrant to the court to award restitution : 1 Hawk. 507, 508, § 45 ; 1 Sm. L. 2 ; Rob. Dig. 288.

It is objected that the premises are not sufficiently described ; but I think there is certainty to a reasonable intent, and that is all that is required.   The material defect in this indictment is, that the prosecutors were only alleged to have no other estate or interest in the premises on which the force was committed, than a peaceable possession—no averment of how they were seised.   On this indictment it was error to award restitution.   By the first section of the act of the 16th June, 1836, Dunl. 741, this court has power to modify the judgment of the Quarter Sessions—to reverse it in part, and affirm it in part.   This has been done in many cases : Daniels *v.* The Commonwealth, 7 Barr, 371 ; there the sentence was modified.

We therefore reverse the decree of restitution, and affirm the sentence that the defendants pay the costs.

Judgment accordingly.